UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE DUANE HOLLOWELL,       )
                                )
            Appellent           )
                                )
        vs.                     )        Cause No.  3:16-CV-487 RLM
                                )
JPMORGAN CHASE NATIONAL         )
ASSOCIATION, *et al.*,          )
                                )
            Appellees           )

OPINION AND ORDER

Terrance Hollowell appeals from the bankruptcy court's July 13, 2016 order granting JP Morgan Chase's motion for relief from stay and to abandon real estate. The only issue before the court is whether the bankruptcy court abused its discretion when it granted the motion. For the following reasons, this court AFFRIMS the bankruptcy court's decision, and DENIES the motions to stay pending appeal.

I. BACKGROUND

Chase filed a foreclosure action against Mr. Hollowell in April 2012, after he defaulted on his mortgage, and a default judgment was entered against him. Chase's efforts to execute on that judgment were stayed when Mr. Hollowell filed a Chapter 13 petition in bankruptcy in 2015, so Chase filed a motion for relief from the automatic stay and to abandon the real estate. Based on the evidence presented at a hearing, the bankruptcy court granted the motion, finding that:

- Mr. Hollowell hadn't made a mortgage payment for at least the past four years;

- the amount owed exceeded the value of the property;

- Mr. Hollowell had no equity in the real estate;

- the property wasn't necessary to an effective reorganization;

- cause existed to lift the stay; and

- 11 U.S.C. § 362(d)(2) required the court to grant Chase relief from the automatic stay.

Mr. Hollowell appeals from that order, contending that JP Morgan Chase perpetrated a fraud on the court by submitting a false document – a copy of the promissory note – as proof of its claim, and that the bankruptcy judge wasn't impartial and should have recused himself. He also filed motions to stay the Sheriff's sale pending appeal.

## II. DISCUSSION

This court has jurisdiction to hear appeals from final judgments, orders, and decrees by the bankruptcy court under 28 U.S.C. § 158(a)(1). An order granting relief from an automatic stay is final and appealable. In re Boomgarden, 780 F.2d 657, 659-60 (7th Cir. 1985).

This isn't the first time Mr. Hollowell has made unsubstantiated allegations of fraud against Chase. He raised the same argument in 2013 in Hollowell et al. v. JP Morgan Chase Bank, et al, Cause No. 3:13-CV-490 JVB. That case was

dismissed, as were the appeals from Judge VanBokkelen's order. *See* [Doc. Nos. 30, 38 and 52]. Mr. Hollowell reasserted his allegations of fraud in September 2015, when he filed an adversary proceeding in the bankruptcy court. The claim was dismissed, as was his appeal to the district court, *see* Hollowell v. Chase Home Finance, Cause No. 3:16-CV-134 PPS [Doc. No. 6], and the court of appeals affirmed the dismissal on September 22, 2016 [Doc. No. 14]. Mr. Hollowell is now before the court for a third time making cursory arguments that are unsupported by the facts or the law.

11 U.S.C. § 362 (d) provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…,such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest of such party in interest; [or]
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization[.]"

The bankruptcy court found that Mr. Hollowell's failure to make mortgage payments for at least four years constituted cause under § 362(d)(1), that Mr. Hollowell had no equity, and that the property wasn't necessary to an effective reorganization. Those findings were supported by the loan history attached to Chase's motion for relief from stay, which showed that Mr. Hollowell hadn't made any payments from December 2010 through April 2016 and that Chase's total claim (the loan payoff amount) was $139,589.01 [Doc. No. 10-1], and by Mr.

Hollowell's bankruptcy schedules, which listed the value of the real estate at $42,000.00. Mr. Hollowell doesn't dispute those findings, or contend that the property was necessary to an effective reorganization. He simply reasserts arguments that have been rejected multiple times because they weren't cogent, supported, and/or timely. Mr. Hollowell's latest attempt to forestall the foreclosure process is also conclusory and unsupported by the record, as are his allegations of bias on the part of the bankruptcy judge.

Accordingly, the court AFFIRMS the bankruptcy court's July 13, 2016 order granting the motion for relief from stay. Mr. Hollowell is not likely to succeed on the merits of an appeal, any injury he might suffer is not irreparable, and the balance of harms weighs in Chase's favor, so the court DENIES the motions for a stay pending appeal [Doc. Nos. 11 and 14]. *See* Roland Machinery Co. v. Dresser Industries, Inc., 749 F.2d 380 (7th Cir. 1984); In re 203 North LaSalle Street Partnership, 190 B.R. 595, 596 (N.D. Ill. 1995).

SO ORDERED.

ENTERED:   December 22, 2016

                    /s/ Robert L. Miller, Jr.
                    Judge, United States District Court
                    Northern District of Indiana